IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

APR 2 2 2013

ANA CECILIA MONGRUT-AVANZINI, )
                               )
           Plaintiff,          )
                               )
v.                             )   Civil Action No. 1:12-cv-152
                               )
COMMONWEALTH OF VIRGINIA,      )
et al.                         )
                               )
           Defendants.         )

MEMORANDUM OPINION

This matter comes before the Court on Defendant Fairfax County, Virginia's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b).

Plaintiff Ana Cecilia Mongrut-Avanzini, appearing pro se, filed an Amended Complaint against Fairfax County, Virginia on April 20, 2012, alleging employment discrimination pursuant to the Americans With Disabilities Act (ADA), 29 U.S.C. § 623(a)(1). Plaintiff alleged she was terminated from her employment with the County's Alcohol and Drug Services program on July 20, 2010, in violation of the ADA and that the County failed to provide reasonable accommodations to Plaintiff during her employment. The Amended Complaint alleges that Plaintiff suffers from a hearing disability. Defendant Fairfax County filed its Motion for Summary Judgment on March, 18, 2013 and noticed the Motion for a hearing on April 12, 2013. Three days

1

before the hearing on Defendant's Motion, April 9, 2013, Plaintiff filed a motion requesting an extension of time to complete a brief in opposition to Defendant's Motion for Summary Judgment. An Order was entered allowing Plaintiff to file an opposition by 5 p.m. on April 11, 2013. As of that time, no opposition was filed by the Plaintiff.

This Court must grant summary judgment when a party fails to make a showing sufficient to establish the existence of any essential element of the party's case on which that party has the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c). A movant need only show that there is an absence of evidence or support for the opposing party's case. See Celotex Corp., 477 U.S. at 325. If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment, "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz,

Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

A dispute over an issue of material fact is "genuine" under Rule 56 only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252. The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.' Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006) (citing Celotex Corp., 477 U.S. at 325).

To establish a *prima facie* case of discrimination in a failure to accommodate case under the ADA, a plaintiff must allege, "(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential function of the position...; and (4) that the [employer] refused to make such accommodations." Rhoads v. FDIC, 257 F.3d 373, 378 n. 11 (4th Cir. 2001).

To establish a *prima facie* case of wrongful termination under the ADA, a plaintiff must demonstrate, "(1) [she] is

within the ADA's protected class; (2) [she] was discharged; (3) at the time of [her] discharge, [she] was performing the job at a level that met [her] employer's legitimate expectations; and (4) [her] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 702 (4th Cir. 2001); Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, 53 F.3d 55, 58 (4th Cir. 1995).

In this case, the Plaintiff has failed to carry her burden of establishing a *prima facie* case for both failure to accommodate and wrongful termination under the ADA. Plaintiff has not demonstrated she is a qualified individual with a disability under the ADA. To survive summary judgment, the Plaintiff has to "produce evidence showing that [s]he is both qualified and disabled." Shin v. Univ. of Md. Med. Sys. Corp., 369 Fed. Appx. 472, 479 (4th Cir. 2010). "Disability" is defined under the ADA as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

It is undisputed that "hearing" is a major life activity pursuant to the ADA. However, the medical evidence from Plaintiff's two expert audiologists demonstrates that the Plaintiff's hearing impairment does not substantially limit her ability to hear, even without hearing aids. Plaintiff's

audiological test on October 20, 2009 indicates her ability to hear tones and words at a conversational level was normal in her left ear and normal in her right ear at a slightly louder level. On June 20, 2010, Plaintiff's audiological test indicated when she was required to repeat a list of words spoken at slightly above-normal conversation level into one ear while background noise at slightly below-normal conversation level was present in the opposite ear, Plaintiff was able to correctly discern the words 100 percent of the time. Both of these tests were conducted while the Plaintiff was not wearing hearing aids. The testing between 2009 and 2010 indicated that while Plaintiff may have difficulty in understanding words in high frequencies in setting where background noise is present, as long as Plaintiff could view the face of the speaker, she would have no trouble understanding conversation.

Given the medical documentation available for the time period when the Plaintiff was employed by the County, Plaintiff cannot establish that her hearing impairment substantially limited her ability to hear. During February through May 2010, the Plaintiff successfully conducted her individual therapy, group therapy, family therapy, and co-occurring disorder sessions without any accommodations and was subsequently given more difficult clients due to her background and experience. Additionally, Plaintiff's ability to hear at normal

conversational levels, even with background noise present, was depicted by her experts as "normal" in 2009 and "100 percent" in 2010.

Even if Plaintiff was able to show she is a qualified individual with a disability, her claims would still fail. From the record it is evident the County did not fail to provide reasonable accommodations for a known disability that would have allowed the Plaintiff to successfully perform her job duties. Plaintiff began taking excessive unscheduled absences from work during the last six weeks of her County employment, showed a disrespectful attitude towards her co-workers, and had incidents of insubordination. None of these issues could be cured with any accommodation. The employer's obligation to provide reasonable accommodations to a disabled employee is triggered when the employee "provide[s] a proper diagnosis...and request[s] a specific accommodation." Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 465 (4th Cir. 2012). "An employer is not obligated to provide an employee the accommodation he or she requests or prefers; the employer need only provide some reasonable accommodation." Crabill v. Charlotte Mecklenburg Bd. Of Educ., 423 Fed. Appx. 314, 322 (4th Cir. 2011).

The Plaintiff alleges that on October 16, 2009, she disclosed her disability for the first time when she told Lynne

Gildon that she had a hearing impairment and would need accommodations, although admittedly she did not inform Ms. Gildon of any specific accommodations she required. Plaintiff complained numerous times that she had not been provided accommodations. However, Plaintiff never specified which accommodations she was requesting, nor did she submit the ADA Reasonable Accommodation Request Form until July 2010. Plaintiff's December 2009 complaint that she was not receiving accommodations was resolved with an agreement that, if the Plaintiff needed accommodations for future training sessions, the Plaintiff would request them in advance. However, Plaintiff thereafter never requested accommodations prior to a training class. Plaintiff was instructed in her April 2010 performance evaluation to provide medical documentation for which she first provided on May 25, 2010. The medical diagnosis provided by Plaintiff was from 2007 and thus out of date. Plaintiff was again asked to provide current written documentation from her audiologist to support her accommodation request.

Once the County received the ADA Accommodations Request Form and current medical documentation on July 13, 2010, a tape recorder for the Plaintiff to use at work was purchased the very next day. Other recommendations from the audiologist were already in place such as: good lighting, providing hard copies of slides and agendas prior to meetings, being able to face the

person speaking, and a desktop computer. However, in response to the purchase of the tape recorder, Plaintiff indicated that she would not attend staff meetings until *all* of her accommodations were provided as recommended by the audiologist. However, "[t]he ADA does not require an employer to provide the specific accommodations requested by the disabled person, so long as the accommodation provided to the disabled employee is reasonable." See Walter v. United Airlines, Inc., 232 F.3d 892 (4th Cir. 2000). The County did provide reasonable accommodations when considering the facts and circumstances in this case, despite Plaintiff's failure to provide a specific request for accommodations and a proper diagnosis in a timely manner.

Additionally, Plaintiff has not provided direct evidence of any discrimination, nor sufficient evidence to establish a *prima facie* case of wrongful termination (as explained above). If the County establishes a legitimate, nondiscriminatory reason for the Plaintiff's separation, the burden shifts back to the Plaintiff to show "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not true reasons, but were a pretext of discrimination." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Numerous memoranda provided to the Plaintiff between May 2010 and July 2010 demonstrates that she was not performing her job to the

County's legitimate expectations during that time. It is well documented that Plaintiff was provided with work improvement plans, feedback via emails, oral reprimand and communications regarding her insubordination, rude behavior at work, failure to follow directives, and failure to consistently show up for work. All of these attempts to address Plaintiff's insufficiencies at work were given to her prior to her submission of the ADA Accommodations Request Form on July 13, 2010. As a result of her performance at work, Plaintiff was given an Unsatisfactory Service Separation memorandum on July 20, 2010 addressing the behavior prior to Plaintiff's ADA request. There is ample evidence that the County separated the Plaintiff from employment for multiple legitimate, nondiscriminatory reasons.

As previously indicated, Plaintiff is not a qualified individual with a disability under the ADA and therefore cannot succeed on either of her claims before this Court. The County did provide reasonable accommodations to Plaintiff while waiting for her paperwork. Furthermore, Plaintiff cannot show that at the time of her separation, she was performing her job to the expectations of the County. For the foregoing reasons, Defendant's Motion for Summary Judgment should be granted. An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
April 22, 2013